UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> HAZRO ENTERPRISES, LLC, a Colorado Limited Liability Company, SADAQAT KHAN, an individual, and FATIMA KHAN, an individual, <br><br> Defendants. | **OPINION** <br><br> Civ. No. 15-8828 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Days Inns Worldwide, Inc. moves under Fed. R. Civ. P. 55 for default judgment against Defendants Hazro Enterprises and Sadaqat Khan. Days Inns asserts that Defendants breached a license agreement for the operation of a lodging facility. Defendants have failed to plead or otherwise defend this lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

Days Inns Worldwide ("DIW") is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl., ECF No. 1 ¶ 1. Defendant Hazro Enterprises is a Colorado company with its principal place of business in Colorado. *Id.* ¶ 2. Defendant Sadaqat Khan is a citizen of Colorado and is a constituent member of Hazro. *Id.* ¶ 3-5. On January 2, 2008, DIW entered into a license agreement with Hazro for the operation of a 40-room Days Inn guest lodging facility in Longmont, Colorado ("the Facility"). *Id.* ¶¶ 10; Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") ECF No. 9-3 ¶ 3. The

1

license agreement was to last until December 30, 2022. *See id.* Ex. A § 5. Under the agreement, Defendants were to make periodic payments to Days Inns for royalties, marketing and reservation services, taxes, interest, and other fees (collectively, the "Recurring Fees"). *See id.* § 7. Interest was to be paid "on any past due amount payable to [DIW] under [the] Agreement at the rate of 1.5% per month . . . accruing from the due date until the amount is paid." *Id.* § 7.3. Khan signed a Guaranty in which he agreed to "make each payment and perform . . . each unpaid or unperformed obligation" should Hazro default on the license agreement. *Id.* Ex. B. On October 1, 2013, Hazro lost possession of the Facility to a third party. *Id.* ¶ 13. After losing possession, Hazro and Khan failed to pay the Recurring Fees they owed to Plaintiff. *Id.* ¶ 16.

DIW filed the complaint in this matter on December 23, 2015 against Hazro, Sadaqat Khan, and Fatima Khan. Plaintiff later determined that Fatima Khan is deceased and voluntarily dismissed the action as to her. Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert.") ECF No. 9-2 ¶ 5. Counsel for DIW forwarded a copy of the summons and complaint to be served on Defendants and has certified that they could not be located despite diligent efforts. *Id.* ¶¶ 4-6; *see also* Cynthia Lee Affidavit of Diligent Efforts as to Sadaqat Khan, ECF No. 9-2. He then served a summons and complaint using regular and certified mail on April 12, 2016. Couch Cert. ¶¶ 7-9; *id.* Ex. B. The time for Defendants to answer or otherwise respond expired, and the Clerk of the Court entered default against Hazro and Sadaqat Khan on June 9, 2016 for failure to plead or otherwise defend this action. *Id.* ¶¶ 10-11. Plaintiff now seeks $103,376.84 in damages for outstanding Recurring Fees and interest. Fenimore Aff. ¶ 17.

## STANDARD FOR DEFAULT JUDGMENT

Three factors are considered when evaluating a motion for default judgment under Fed. R. Civ. P. 55: (1) whether there is "prejudice to the plaintiff if default is denied," (2) "whether

the defendant appears to have a litigable defense," and (3) "whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Factual allegations in a complaint will be treated "as conceded by the defendant," *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005), but a court will inquire "into whether the unchallenged facts constitute a legitimate cause of action." *Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). A court does not accept the alleged amount of damages as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A court may determine damages without a hearing "as long as [it] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Jurisdiction

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Plaintiff is a Delaware Corporation with its principal place of business in New Jersey. Compl. ¶ 1. Defendants Hazro Enterprises and Sadaqat Khan are citizens of Colorado. *Id.* ¶¶ 2-4. The amount in controversy at the time of filing exceeded $75,000. Fenimore Aff. Ex. C. Personal jurisdiction exists because Defendants consented to "non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey. . . ." Fenimore Aff. Ex. A § 17.6.3; *id.* Ex. B.

### II. Default Judgment is Appropriate

This action is based on the Defendants' breach of contract. New Jersey law governs the contract under the license agreement's choice of law provision. Fenimore Aff. Ex. A § 17.6.1. The elements of a breach of contract claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim

performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The parties here entered into a contract for the operation of a Days Inn lodging facility in exchange for Recurring Fees. Defendants breached that contract by failing to pay those fees. DIW performed its own contractual obligations by providing the services promised. *See* Fenimore Aff., Ex. C (itemizing DIW's services that were the basis for the Recurring Fees). Damages resulted from the breach because DIW performed services without receiving compensation. Plaintiff has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Default judgment is appropriate. DIW will suffer prejudice if default is denied because it will continue to not receive the fees to which it is contractually entitled. Defendants have not put forward facts or arguments to suggest that they have a litigable defense in the more than eight months since this action was filed. They have failed to retain counsel since the filing of the complaint. Having considered the *Chamberlain* factors in light of these facts, the Court grants default judgment.

### III.   The Amount of Damages Is Satisfactorily Established

DIW seeks damages of $103,376.84. Fenimore Aff. ¶ 16-17. That amount accounts for Recurring Fees owed by Defendants, inclusive of interest calculated at 1.5% per month under section 7.4 of the license agreement. The Court has reviewed DIW's submissions as to these Recurring Fees and finds that they accurately and reasonably represent the amount Defendants owe to DIW. *See id.* Ex. C (Itemized Statement of Recurring Fees owed as of July 14, 2016).

NOT FOR PUBLICATION                                                                 CLOSE

The damages asserted are reasonable under the circumstances, do not require further inquiry, and will be awarded by the Court.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $103, 376.84. An appropriate order follows.

DATE: 7 September 2016

William H. Walls
Senior United States District Court Judge